**AMVEST CORPORATION, Appellant**

v.

**ANDERSON EQUIPMENT COMPANY; Terex Corporation.**

No. 08–4796.

United States Court of Appeals, Third Circuit.

*Submitted Under Third Circuit LAR 34.1(a) Nov. 9, 2009.*

Opinion filed: Dec. 22, 2009.

Thomas D. Higgins, Jr., Esq., Cozen & O'Connor, Charlotte, NC, for Appellant.

Mary Ann Diianni, Esq., Cohen & Grigsby, Pittsburgh, PA, for Anderson Equipment Company.

Timothy J. Cornetti, Esq., Kim M. Watterson, Esq., Arnd N. Von Waldow, Esq., Reed Smith, Pittsburgh, PA, for Terex Corporation.

Before: AMBRO, GARTH, and ROTH, Circuit Judges.

## OPINION

AMBRO, Circuit Judge.

Appellant Amvest Corporation filed suit against Terex Corporation and Anderson Equipment Company asserting claims of negligence, breach of express warranty, and strict liability arising from a fire that consumed a Terex-manufactured truck owned by Amvest. The District Court granted motions to dismiss filed by Terex and Anderson based on the one-year suit limitation provision contained in the sales agreement. Amvest appeals the dismissal of its complaint as to Terex only. For the reasons set out below, we affirm the decision of the District Court.[1]

## I. Background

In 2005, after several months of negotiation, Amvest purchased a 240–ton Terex truck from Anderson, an authorized Terex dealer, for use at a mine in West Virginia. The sales contract consisted of: (1) a one-page double-sided Equipment Sales Agreement; (2) a proposal on Terex letterhead; (3) a "Two Year Limited Warranty" from Unit Rig, a division of Terex; (4) a Terex Mining Extended Frame Warranty; and (5) a payment invoice from Anderson. The reverse side of the Equipment Sales Agreement contained a one-year suit limitation and the following choice-of-law provision:

> The Uniform Commercial Code and, to the extent not inconsistent therewith, other applicable law of the Commonwealth of Pennsylvania exclusive of Pennsylvania choice of law provisions in effect on the date of the acceptance of this offer by Buyer as provided herein, shall apply in interpreting the terms, conditions and limitations herein and on the face hereof. . . .

On October 21, 2006, within the two-year limited warranty period, the Terex truck caught fire and was destroyed. Amvest notified Anderson and Terex of the fire in early November 2006, and the companies conducted a joint inspection in January 2007. In December 2007—14 months after the fire and 11 months after the joint inspection—Amvest filed suit, alleging that the fire was caused by a defect involving a battery cable.

The District Court, applying Pennsylvania law (including its Uniform Commercial Code), held that Amvest's claims were barred by the one-year suit limitation. It rejected Amvest's arguments that the limitation provision was unconscionable, that Terex was not a third-party beneficiary of the Sales Agreement, and that the "discovery rule" tolled the accrual date until the January 2007 joint inspection. The Court determined that Amvest's cause of action accrued on the date of the fire and that its suit was barred because it was filed 14 months after that date.

## II. Discussion [2]

■ The contractual one-year suit limitation clause provided; "Any suit on any

---

1. That Court had jurisdiction pursuant to 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291.

2. Our review of the District Court's dismissal under Federal Rule of Civil Procedure 12(b)(6) is plenary. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996).

claim whatsoever brought in law or equity must be filed within one year from the date the cause of action accrued or be forever barred."[3] Amvest challenges the District Court's determination that its suit was barred by this provision.

We agree with the Court that the discovery rule did not toll the limitations period here. In cases involving latent injuries or instances where the causal connection between an injury and another's conduct is not apparent, the discovery rule may "toll the statute of limitations until the plaintiff discovers, or reasonably should discover, that she has been injured and that her injury has been caused by another party's conduct." *Wilson v. El–Daief*, 600 Pa. 161, 964 A.2d 354, 361–62 (2009) (citation omitted). The Pennsylvania Supreme Court has looked favorably on "tying commencement of the limitations period to actual or constructive knowledge of at least some form of significant harm and of a factual cause linked to another's conduct, *without the necessity of notice of the full extent of the injury, the fact of actual negligence, or precise cause." Id.* at 364 (emphasis added).

Here, while according to Amvest the "precise cause" of the fire was not uncovered until the joint inspection, it was on "inquiry notice" that the truck was harmed by a fire that may have resulted from another's conduct. *Id.* Amvest through reasonable diligence could have uncovered its cause at the time of the fire. These circumstances do not warrant application of the discovery rule. *See Fine v. Checcio,* 582 Pa. 253, 870 A.2d 850, 858 (2005) ("As the discovery rule has developed, the salient point giving rise to its application is the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause.") (citation omitted).

On appeal, relying on provisions of the model U.C.C. not raised before the District Court, Amvest presents the alternative argument that Terex breached a "remedial promise" contained in the Limited Warranty.[4] The model U.C.C. defines a remedial promise as "a promise by the seller to repair or replace goods or to refund all or part of the price of goods upon the happening of a specified event." U.C.C. § 2–103(1)(n) (2004).[5] A cause of action for a breach of a remedial promise "accrues when the remedial promise is not performed when performance is due." *Id.* § 2–725(2)(c). As performance did not become due here until, at the earliest, the joint inspection in January 2007, Amvest asserts that its cause of action did not accrue until then. Terex counters that Amvest failed to raise this argument in the District Court and is improperly attempting on appeal to recast its breach-of-warranty claim as a breach-of-remedial-promises claim. We agree with Terex.

"It is well established that failure to raise an issue in the district court constitutes a waiver of the argument." *Brenner v. Local 514, United Bhd. of Carpenters &*

---

**3.** Amvest does not challenge the District Court's conclusion that Terex was an intended third-party beneficiary of the Sales Agreement and could enforce its terms.

**4.** The Limited Warranty states in relevant part:
> In the event any product sold hereunder manufactured by the Seller is defective on account of workmanship or material, the Seller agrees, at its option, to replace or repair the product. The agreement, howev-

er, is upon condition that the Buyer promptly notifies the Seller in writing by completing the authorized Unit Rig claim form for any claim in this respect, setting forth in detail any such claimed defect and that the Seller is provided a reasonable opportunity to examine the product and to investigate the claimed defect.

**5.** It does not appear that any state has adopted this provision of the model U.C.C.

*Joiners of Am.,* 927 F.2d 1283, 1298 (3d Cir.1991); *see also Delaware Nation v. Pennsylvania,* 446 F.3d 410, 416 (3d Cir. 2006) ("Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal.") (citation omitted). Amvest concedes that it did not allege in its complaint a claim for breach of a warranty to repair or replace or a breach of a remedial promise. *See* Appellant's Reply Br. at 4. Instead, it alleged that the express warranty covered "defects in design and/or workmanship and/or would be merchantable and/or fit for the particular purpose for which it was sold," and that the breach occurred when Terex "provid[ed] the Truck with a hazardous malfunction or defect."

Similarly, Amvest focused exclusively on the discovery rule argument in its opposition briefs to the motions to dismiss. Recognizing this, it relies on the following sentence buried in four pages of argument: "Arguably, because the vehicle was still under warranty, the 'breach' did not technically occur until Anderson and Terex failed to honor the terms of the warranty and repair the vehicle." While this reference could be construed in hindsight as alleging that the cause of action accrued when Terex failed to repair or replace the truck,[6] Amvest did not fairly raise the issue in the District Court. Accordingly, we will not consider it.

■ Amvest also asserts that the suit limitation and choice-of-law provisions are unconscionable because they were not conspicuous and were not mentioned during the negotiation process. This argument underwhelms.

" 'Unconscionability has generally been recognized to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.' " *Witmer v. Exxon Corp.,* 495 Pa. 540, 434 A.2d 1222, 1228 (1981) (*quoting Williams v. Walker–Thomas Furniture Co.,* 350 F.2d 445, 449 (D.C.Cir.1965)). There was no such "absence of meaningful choice" here.

Both parties are sophisticated business entities. After considering other manufacturers, Amvest engaged in a negotiation process with Anderson lasting several months, and the final Terex proposal reflected edits by both Amvest and Anderson. Amvest's admitted failure to read the contract is no defense. *See Standard Venetian Blind Co. v. Am. Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983) (" '[I]n the absence of proof of fraud, failure to read [the contract] is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof.' ") (*quoting In re Olson's Estate,* 447 Pa. 483, 291 A.2d 95, 98 (1972)) (alterations in original). Also unavailing are Amvest's complaints that Anderson did not specifically point out each provision to Amvest.

■ Nor were the provisions substantively unconscionable. "Substantive unconscionability refers to contractual terms that are unreasonably or grossly favorable to one side and to which the disfavored party does not assent." *Harris v. Green Tree Fin. Corp.,* 183 F.3d 173, 181 (3d Cir.1999). The subsection of the Pennsylvania U.C.C. governing "[s]tatute[s] of limitations in contracts for sale" provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may

---

6. Even this connection is dubious, as the sentence was in a subsection of the brief devoted to the discovery rule.

reduce the period of limitation to not less than one year but may not extend it." 13 Pa. Cons.Stat. § 2725(a). As the Pennsylvania legislature has expressly authorized a one-year period of limitation, it is not unconscionable. As to the choice-of-law provision, "[i]n general, we respect the choice of law that parties agree upon to resolve their private disputes." *Gen. Elec. Co. v. Deutz AG,* 270 F.3d 144, 154 (3d Cir.2001) (citations omitted). We do so here, given that Pennsylvania has a substantial relationship to Anderson, a Pennsylvania corporation.[7]

\* \* \* \* \* \*

For these reasons, we affirm the District Court's judgment in favor of Terex.

---

**7.** We also reject Amvest's argument that Anderson's failure to sign the agreement on an indicated line precludes Terex from asserting the limitation provision as a defense to Amvest's claims. The parties, after arriving at an acceptable set of terms, indicated their approval of the contract, and Amvest bases its claims on a warranty created by that very contract.